IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01165-KLM

JANE DOE, and
I.B., by her mother and next friend, Jane Doe,

    Plaintiffs,

v.

APRIL WOODARD, El Paso County Department of Human Services caseworker, individually and as an agent, employee, and representative of El Paso County;
AMANDA ALBERT, El Paso County Department of Human Services caseworker, individually and as an agent, employee, and representative of El Paso County;
CHRISTINA NEWBILL, Supervisor, El Paso County Department of Human Services, individually and as an agent, employee, and representative of El Paso County;
KRYSTAL GRINT, Staff Development and Training Supervisor at the relevant time, El Paso County Department of Human Services, individually and as an agent, employee, and representative of El Paso County;
MARIAN PERCY, Children, Youth and Family Services Deputy Director, El Paso County Department of Human Services, individually and as an agent, employee, and representative of El Paso County;
SHIRLEY RHODUS, Children, Youth and Family Services Director, El Paso County Department of Human Services, individually and as an agent, employee, and representative of El Paso County;
CHRIS GARVIN, Deputy Director, El Paso County Department of Human Services, individually and as an agent, employee, and representative of El Paso County;
RICHARD BENGTSSON, Executive Director, El Paso County Department of Human Services, individually and as an agent, employee, and representative of El Paso County;
JEFF GREENE, County Administrator over El Paso County Department of Human Services, individually and as an agent, employee, and representative of El Paso County;
EL PASO COUNTY DEPARTMENT OF HUMAN SERVICES, for injunctive relief;
REGGIE BICHA, Executive Director of the Colorado Department of Human Services, in his official capacity, for injunctive relief; and
EL PASO COUNTY BOARD OF COUNTY COMMISSIONERS, comprised of Sallie Clark, Darryl Glenn, Dennis Hisey, Amy Lathen, and Peggy Littleton, in their official capacity,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Motion to Proceed Anonymously by Doe Plaintiffs** [#2][1] (the "First Motion"), which was initially opposed by one Defendant, *First Motion* [#2] at 2, and the **Amended Unopposed Motion to Proceed Anonymously by Doe Plaintiff** [#27] (the "Second Motion" and collectively with the First Motion, the "Motions").

The Motions request permission for Plaintiffs to proceed in this lawsuit using pseudonyms. Because the Motions request identical relief, the First Motion is moot.

Under Fed. R. Civ. P. 17(a), "[e]very action shall be prosecuted in the name of the real party in interest." According to the Tenth Circuit, the "use of pseudonyms concealing plaintiffs' real names has no explicit sanction in the federal rules. Indeed it seems contrary to Fed. R. Civ. P. 10(a) which requires the names of all parties to appear in the complaint." *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979). In fact, a case filed using a pseudonym in place of a party's true name can be dismissed for failure to comply with Fed. R. Civ. P. 10(a), absent permission from the Court to proceed anonymously. *See, e.g., M.M. v. Zavaras*, 139 F.3d 798, 803-04 (Mar. 17, 1998) (affirming trial court's dismissal). However, "the Supreme Court has given the practice implicit recognition in the abortion cases . . . with minimal discussion." *Lindsey*, 592 F.2d at 1125. Most of the cases that have allowed the use of pseudonyms "have involved abortion, birth control, and welfare prosecutions involving abandoned or illegitimate children." *Id.* Therefore, "identifying a plaintiff only by a pseudonym is an unusual procedure, to be

---

[1] "[#2]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

allowed only where there is an important privacy interest to be recognized. It is subject to a decision by the judge as to the need for the cloak of anonymity." *Id.*

In this case, Plaintiffs are a minor child and her mother. *Complaint* [#1] ¶¶ 7-8. Further, this case involves allegations that the minor child was undressed and physically searched on at least two instances without her mother's permission. *Id.* ¶¶ 33-37, 43-47. It is also alleged that photographs of "private and unclothed areas" of the minor child's body were taken during the second search. *Id.* ¶ 46.

Plaintiffs argue that their interests in anonymity strongly outweigh the public's interest in knowing their identities. *Second Motion* [#27] at 3-4. Specifically, Plaintiffs maintain that the allegations relating to the minor child in this case are similar to those made by adult plaintiffs who bring sexual assault claims and are afforded anonymity. *Id.* at 3. Plaintiffs further maintain that this case should protect the minor child's identity just as Colorado statutes protect minor children and their family members from being identified in reports of child abuse or neglect. *Id.* at 5. With regard to the minor child's mother, Plaintiffs argue that the mother should also be allowed to proceed anonymously because is she does not "the child would be immediately identifiable . . . ." *Id.* at 3.

The Court agrees with Plaintiffs. Because this case involves a minor child who alleges that she was in appropriately strip searched and photographed, the minor child has a strong interest in anonymity. In addition, it is alleged that the strip searches were conducted by case workers investigating allegations of child abuse. Colo. Rev. Stat. § 19-1-307(1)(a) requires that "reports of child abuse or neglect and the name and address of any child, family, or informant or any other identifying information contained in such reports shall be confidential and shall not be public information." Therefore, it is clear that the state

of Colorado mandates that children such as Plaintiff I.B. be protected from identification. In this case, the Court is inclined to recognize the state policy regarding confidentiality inherent in the statutory language. As Plaintiffs argue, identification of Plaintiff Jane Doe, the minor child's mother, would make the minor child immediately identifiable. As a result, the Court finds that it is appropriate to allow her to also proceed anonymously.

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the First Motion [#2] is **DENIED as moot** and the Second Motion [#27] is **GRANTED**.

Dated:  July 20, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge